UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 10-10433-GAO

UNITED STATES OF AMERICA

v.

WILLIAM RIVERA,
Defendant.

ORDER
November 3, 2015

O'TOOLE, D.J.

In 2012, the defendant, William Rivera, pled guilty to conspiracy to distribute heroin and distribution of heroin. On October 15, 2012, this Court sentenced him to seventy-two months of incarceration. That sentence was well below the range suggested by the Sentencing Guidelines and exactly the term of imprisonment argued for by his counsel. Unsurprisingly, no appeal was taken. On February 7, 2014, Rivera moved to vacate his sentence pursuant to 28 U.S.C. § 2255 on the bases (1) that counsel failed to appeal despite his request, (2) that counsel failed to argue for a lower sentence at the sentencing hearing, and (3) that counsel failed to object to certain findings made by the Court during sentencing. He has also filed a motion seeking a copy of his sentencing hearing transcript. Because his § 2255 petition was filed more than one year after his sentence became final, it is untimely and must be denied. See 28 U.S.C. § 2255(f)(1).

Under the relevant provision of § 2255, a petition for habeas relief must be filed within one year from the day the judgment becomes final. In this case, the judgment of conviction became final at most fourteen days after the entry of judgment on October 29, 2012, when the period for filing an appeal expired. See, e.g., Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011);

cf. Clay v. United States, 537 U.S. 522, 525 (2003) (holding that judgment becomes final when period for filing writ of certiorari expires if one is not sought). Absent "exceptional circumstances" warranting equitable tolling, an untimely habeas petition will be dismissed. See Ramos-Martínez v. United States, 638 F.3d 315, 321 (1st Cir. 2011) (quoting Neverson v. Farquharson, 366 F.3d 32, 40 (1st Cir. 2004)). Thus, the defendant needed to have filed his petition by October, 29, 2013. He did not.

Additionally, while the defendant's motion is sparse, there are no apparent exceptional circumstances warranting an expansion of the statutory limitations period. All three of his claimed grounds for habeas relief turn on matters occurring during and immediately following sentencing. The defendant acknowledges in his petition that his judgment of conviction became final in October 2012. His signature on the petition is dated January 10, 2014, and the petition was filed February 7, 2014, both well more than a year after the judgment became final. Due to this obvious untimeliness, the petition must be denied.

Even if the petition was timely, the defendant's three claims lack any merit. The defendant first alleges that he told his counsel to file an appeal, but counsel did not do so. That argument strains credulity, considering the defendant received the significantly below-Guidelines sentence recommended by his counsel in his presence at the sentencing hearing. See Zanuccoli v. United States, 459 F. Supp. 2d 109, 111–12 (D. Mass. 2006). In addition, the defendant has shown no non-frivolous ground for appeal. Thus, he has been unable to show how he could have been prejudiced by counsel's failure to file an appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 484–86 (2000).

The defendant's second argument, that counsel failed to argue for a lower sentence, is contradicted by the record. The Sentencing Guidelines recommended 151 to 181 months incarceration, but the defendant's counsel asked for the below-Guidelines sentence of seventy-two months. The Court sentenced the defendant to the defendant-recommended seventy-two months incarceration.

The defendant's third objection is that defense counsel "failed to object to findings made by the court and not by a jury as suppose [sic] to." (Mot. under 28 U.S.C. § 2255 to Vacate (dkt. no. 79).) He is apparently referring to the Apprendi-Booker-Alleyne doctrines. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (finding that facts which raise the statutory maximum penalty, other than a prior conviction or those facts admitted to in a guilty plea, must be proved to a jury beyond a reasonable doubt); United States v. Booker, 543 U.S. 220, 243–44 (2005) (finding that then-mandatory federal Sentencing Guidelines violated Apprendi); Alleyne v. United States, 133 S. Ct. 2151, 2163 (2013) (finding that facts which raise the statutory minimum penalty must be proved to a jury beyond a reasonable doubt).

However, those doctrines, as they relate to his conviction, were satisfied by his plea of guilty to the material allegations of the indictment. As to the sentence, he does not suggest what fact-finding in the sentencing process was subject to those principles. The principle issue at sentencing was whether the sentence should be consistent with the range recommended by the career offender guideline (determined by reference to Rivera's criminal history) or lower than that. That judgment did not call for fact-finding of the sort addressed by the Apprendi-Booker-Alleyne doctrines. See Alleyne, 133 S. Ct. at 2163 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury.).

**III.**     **Conclusion**

For the foregoing reasons, the defendant's Motion: for Free Transcripts Pursuant to 28 U.S.C. 753(F) in Order to Prosecute a 2255 Action (dkt. no. 81) and his Motion under 28 U.S.C. § 2255 to Vacate (dkt. no. 79) are both DENIED.

Finally, this Court finds that no certificate of appealability should issue because the defendant has failed to show that reasonable jurists would find it debatable whether he had a valid constitutional claim or whether this Court was correct in this procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 478 (2000); 28 U.S.C. § 2253(c).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge